The Honorable Robert Conley Chairman, Braden River Fire Control and Rescue District 8800 State Road 70 East Bradenton, Florida 34202
Dear Chairman Conley:
On behalf of the Braden River Fire Control and Rescue District, you ask substantially the following question:
Does section 189.420, Florida Statutes, adopted during the 2000 legislative session, require the district to levy assessments on real property regulated under Chapter 513, Florida Statutes, by the same method of assessment as a hotel or motel?
In sum:
Section 189.420, Florida Statutes, adopted during the 2000 legislative session, requires a district levying assessments on a facility regulated under Chapter 513, Florida Statutes, to assess the property by the same method of assessment as a hotel or motel.
The Braden River Fire Control and Rescue District is an independent special district created by special act of the Legislature.[1] Historically, the district's funding sources have been special assessments, charges, and impact fees.[2] With the enactment of Chapter 191, Florida Statutes, independent special fire control districts now have authority to levy ad valorem taxes in addition to non-ad valorem assessments, impact fees and user charges.[3]
You state that the district has decided to use non-ad valorem assessment procedures for collection of assessments.
According to your letter, the district historically has assessed mobile homes and recreational vehicle parks on a per unit/site basis and not on square footage.[4] Hotels, motels, and similar facilities, however, are assessed by a square footage method.
During the 2000 legislative session, the Legislature enacted section 189.420, Florida Statutes.[5] The statute provides:
"When an independent or dependent special district levies an assessment on a facility regulated under chapter 513, the assessment shall not be based on the assertion that the facility is comprised of residential units. Instead, facilities regulated under chapter 513 shall be assessed in the same manner as a hotel, motel, or other similar facility."
"Special district" is defined for purposes of Chapter 189, Florida Statutes, to mean a local unit of special purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, or rule of the Governor and Cabinet.[6]
A fire control district created by special act to provide fire control services within a specified geographic area would appear to fall within the above definition.
Thus, the provisions of section 189.420, Florida Statutes, requiring that facilities regulated under Chapter 513, Florida Statutes, be assessed in the same manner as a hotel, motel, or other similar facility are applicable to district assessments against facilities regulated under Chapter 513, Florida Statutes. That chapter regulates mobile home and recreational vehicle parks. An examination of the legislative history surrounding the enactment of section 189.420 indicates that the Legislature sought to change the then-existing situation whereby a special district levying an assessment on a mobile home or recreational vehicle park facility could treat the facility as being composed of residential units, or as a hotel, motel, or similar facility.[7]
Under the new legislation, the district must assess mobile home and recreational vehicle parks in the same manner as hotels, motels, and similar facilities.
Accordingly, I am of the opinion that the district must now utilize the same manner of assessing mobile home and recreational vehicle parks as it assesses hotel, motels, and similar facilities.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 80-538, Laws of Florida, as amended by Chs. 82-329, 83-462, 85-454, 87-509, 90-455, 91-396, 93-395, and 94-417, Laws of Florida.
[2] See, e.g., s. 5, Ch. 85-454, Laws of Florida.
[3] The legislative purpose underlying Ch. 191, Fla. Stat., the "Independent Special Fire Control District Act," as stated in s.191.002, Fla. Stat., is to provide uniformity for independent special fire control districts in: standards, direction, and procedures concerning operations and governance; operations and authority; financing authority; communication and coordination between special fire control districts and other local governments; and the election of members to ensure greater accountability to the public. And see, s. 191.004, Fla. Stat., stating:
"Each district, regardless of any other, more specific provision of any special act or general law of local application creating the charter of the district, shall comply with this act. It is the intent of the Legislature that the provisions of this act supersede all special act or general law of local application provisions which contain the charter of an independent special fire control district and which address the same subjects as this act, except as such acts or laws address district boundaries and geographical subdistricts for the election of members of the governing board. However, this act does not require any modification to district financing or operations which would impair existing contracts, including collective bargaining agreements, debt obligations, or covenants and agreements relating to bonds validated or issued by the district. Further, this act does not repeal any authorization within a special act or general law of local application providing for the levy and assessment of ad valorem taxes, special assessments, non-ad valorem assessments, impact fees, or other fees or charges by a district."
[4] In the case of an out building, such as an office or recreational hall, in a mobile home or recreational vehicle park, you state that it would be assessed based on square footage.
[5] See, s. 9, Ch. 2000-355, Laws of Florida.
[6] Section 189.403(1), Fla. Stat. The term does not include a school district, a community college district, a special improvement district created pursuant to s. 285.17, Fla. Stat., a municipal service taxing or benefit unit as specified in s.125.01, Fla. Stat., or a board which provides electrical service and which is a political subdivision of a municipality or is part of a municipality. And see, s. 189.403(3), Fla. Stat., defining "[i]ndependent special district."
[7] See, House of Representatives Committee on Finance 
Taxation Analysis on HB 2433, dated April 24, 2000.